UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO THOMAS COLLIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-02835-SEB-TAB ) |
| MARK GARRAD, | ) ) |
| Defendant. | ) ) |

**Entry Discussing Filing Fee, Request for Counsel, Screening Complaint
and Directing Further Proceedings**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis*, dkt [3], is **granted.** The plaintiff is assessed an initial partial filing fee of Nine Dollars and Eighty-Four Cents ($9.84). He shall have **through September 19, 2017,** in which to pay this sum to the clerk of the district court.

**II.**

The plaintiff's second motion to appoint counsel, dkt [2], is **denied without prejudice.** The **Clerk is directed** to include a form motion for assistance recruiting counsel along with the plaintiff's copy of this Entry. If the plaintiff files this form, the Court will reconsider the plaintiff's request.

**III.**

The plaintiff is a prisoner currently incarcerated at the Correctional Industrial Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to

28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## IV.

Plaintiff Antonio Thomas Collier alleges that he filed a grievance against Mark Garrad, the Maintenance Supervisor, and in response, Mr. Garrad successfully sought to have Mr. Collier "reclassed"/removed from his prison job in the maintenance department.

Given the foregoing, the claim that defendant Mark Garrad retaliated against Mr. Collier shall proceed as submitted. This claim is brought pursuant to 42 U.S.C. § 1983.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Mark Garrad in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is designated** to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: ___08/23/2017___

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronic service to:

    Mark Garrad, Maintenance Supervisor at Correctional Industrial Facility

ANTONIO THOMAS COLLIER
963938
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064