UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO THOMAS COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-02835-SEB-TAB |
| | ) |
| MARK GARRAD, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Plaintiff's Motion for Preliminary Injunction and Motion to Amend**

Plaintiff Antonio Thomas Collier, an inmate at the Correctional Industrial Facility, filed this civil rights action alleging that his First Amendment rights were violated. Specifically, Mr. Collier alleges he filed a grievance against Mark Garrad, the prison Maintenance Supervisor, and in response, Mr. Garrad successfully sought to have Mr. Collier "reclassed"/removed from his prison job in the maintenance department. Mr. Collier seeks compensatory and punitive damages. This retaliation claim is proceeding pursuant to 42 U.S.C. § 1983. Now before the court is a vague discovery request presented as a motion for preliminary injunction and a motion to amend the complaint. Each of these motions, dkts [20] and [22], is denied for the reasons set forth below.

**I. Motion for Preliminary Injunction**

Mr. Collier's motion for preliminary injunction seeks access to general categories of discovery. Many of the discovery categories referenced appear to be outside the scope permitted by Rule 26(b)(2) of the Federal Rules of Civil Procedure given the claim at issue in this action. In any event, instead of filing a motion with the Court Mr. Collier should have served his discovery requests on defendant's counsel. In addition, any future discovery requests should be made with

more specificity. For example, Mr. Collier states that he seeks entry upon designated land. Such a request is too vague to elicit a meaningful response. If Mr. Collier seeks entry on land he should state what land. In addition, there should be an indication of how the requested discovery is relevant to his claim or defense. Given the deficiencies in the discovery request, defendant's counsel is not expected to respond to the motion for preliminary injunction as a discovery request. The motion for preliminary injunction, dkt [22], is **denied.**

## II. Motion to Amend

Mr. Collier seeks to amend his complaint. "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 354 (7th Cir. 2017) (internal quotation omitted).

The motion to amend the complaint, dkt [20], is **denied** for failure to comply with Local Rule 15-1 and because the proposed amendments would be futile.

First, although there is a document entitled "Amended Civil Petition" and exhibits attached to the motion, no amended complaint was filed along with the motion. The Amended Civil Petition states in its entirety:

> **AMENDED CIVIL PETITION**
>
> Comes now Plaintiff, Antonio Collier, *pro se*, and pursuant to Fed.R.Civ.P. 15, hereby amends the Complaint filed in this matter.

Dkt. 20-1 at 1. The failure to include a copy of the proposed amended complaint along with the motion to amend as required by Local Rule 15-1(a) is a basis for denial of the motion to amend.

Second, the proposed changes outlined in the motion to amend are futile. Mr. Collier states that he seeks to amend his complaint to reflect that he intends to sue Maintenance Supervisor Mark Garrad in his individual and official capacities. Mr. Collier is currently understood to be sued only in his individual capacity. Any claim against Mr. Collier in his official capacity is subject to dismissal. An official capacity claim against Mr. Collier would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

Mr. Collier also seeks to amend his complaint to include a claim under the Eighth and Fourteenth Amendments. Unfortunately for Mr. Collier, the facts alleged are insufficient to state a claim under either the Eighth or Fourteenth Amendment. The loss of a prison job is not tantamount to cruel and unusual punishment under the Eighth Amendment. Similarly, the Fourteenth Amendment does not create a protectable liberty interest in the employment pursued by incarcerated individuals. The Constitution does not "guarantee a prisoner the right to a job." *Joihner v. McEvers*, 898 F.2d 569, 571 (7th Cir. 1990) (*citing Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). *See also Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir. 2005) ("People are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep."). Accordingly, any amendment of the Complaint in this regard would be futile.

For all of these reasons, the motion to amend, dkt [20], is **denied.**

**IT IS SO ORDERED.**

Date: 12/7/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONIO THOMAS COLLIER
963938
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov

Christine Potter Wolfe
INDIANA ATTORNEY GENERAL
christine.wolfe@atg.in.gov